**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AKEEM FREEMAN, | : | |
| | : | Civil Action No. 12-1044 (NLH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| THERESA MCLAUGHLIN, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff <u>pro se</u>
Akeem Freeman
259464
Camden County Jail
P.O. Box 90431
Camden, NJ 08102


**HILLMAN, District Judge**

Plaintiff Akeem Freeman, a pre-trial detainee confined at Camden County Jail in Camden New Jersey, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Plaintiff has paid the filing fee.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I.   <u>BACKGROUND</u>

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review. Plaintiff states that he is accused of alleged sexual assault which occurred on October 7, 2007.  He states that on December 29, 2011, while incarcerated at the Camden County Jail, he received discovery related to his criminal matter.  Plaintiff states that the sexual assault examination report from October 7, 2007 was "negatively altered to disruped [sic] or influene [sic] the decisions of plaintiff Freeman's criminal case."  Complaint, ¶ 3.  Plaintiff states that the date on the chain of custody form for the medical report provided by Francina Pendergrass, a "S.A.N.E." (Sexual Assault Nurse Examiner) nurse who works with the Camden County Prosecutor's Office indicates that the exchange of evidence occurred on October 31, 2007, but that date differed from the date of November 1, 2007, which was entered on the chain of custody form received by Ava Berry from the Camden City Police Department.

Plaintiff further states that the "S.A.N.E." nurse Theresa McLaughlin who conducted the examination was missing from the chain of custody forms.  Plaintiff asserts that "the sexual assault report in question was altered by Theresa McLaughlin for Kelly Testa the prosecutor, prosecuting Plaintiff Freeman during his criminal case."

Plaintiff does not indicate that his criminal matter has reached a conclusion.[1]  Plaintiff's requested relief includes (1) declaration that the acts alleged in the Complaint violate his constitutional rights, (2) injunctive relief "ordering all defendants to cease all negatively and malicious actions towards peaple [sic] during there [sic] criminal cases," (3) compensatory damages in the amount of $50,000 against each defendant for violation of his constitutional rights, (4) compensatory damages in the amount of $50,000 against each defendant for "abuse of process," (5) punitive damages in the amount of $50,000 against each defendant, (6) punitive damages in the amount of $50,000 for "the violations of all rights, constitutional and other," (7) a "jury trial on all issues triable by jury," and (8) any additional relief deemed proper by this Court.

## II.  STANDARD OF REVIEW

### A.  Standards for a Sua Sponte Dismissal

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim

---

[1]He identifies himself as a pretrial detainee on page 2 of the Complaint.

3

that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).  This action is subject to <u>sua</u> <u>sponte</u> screening for dismissal under 1915A.

In determining the sufficiency of a <u>pro</u> <u>se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)); <u>see</u> <u>also</u> <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Citing its opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S. Ct. at 1948).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See Iqbal, 129 S. Ct. at 1949-50. See also Twombly, 505 U.S. at 555, & n.3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

B.   Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255–56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

### III.  DISCUSSION

As Plaintiff is currently a pretrial detainee, presumably in criminal proceedings in the state court, this Court must abstain from ruling on Plaintiff's claims of constitutional violations.

In Younger v. Harris, the Supreme Court held that federal courts may not enjoin pending state court criminal proceedings, even if there is an allegation of a constitutional violation and even though all jurisdictional and justiciability requirements are met.  See 401 U.S. 37, 41–42 (1971).  In subsequent cases, the Court has adopted the application of Younger to claims for declaratory and injunctive relief.  See Samuels v. Mackell, 401 U.S. 66 (1971) (holding that the principles of Younger are fully applicable to requests for declaratory relief).  Further, while the Supreme Court has yet to rule on the application of Younger to monetary relief, this Circuit applies the Younger abstention to bar damage suits.  See Gwynedd Properties v. Lower Gwynedd Township, 970 F.2d 1195 (3d Cir. 1992); Williams v. Hepting, 844 F.2d 138 (3d Cir. 1988).

Abstention is appropriate only absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule.

6

The specific elements of the Younger abstention are: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). Here, Plaintiff's complaint indicates that he is facing a criminal prosecution, which implicates an important state interest (i.e., punishing criminal conduct), and New Jersey state courts offer Plaintiff an adequate opportunity to raise his federal claims, if any.

Further, if Plaintiff is convicted of these charges, he cannot challenge the fact or duration of his confinement by means of an action under § 1983; rather he must exhaust his state remedies and then, if appropriate, file a federal habeas application. Preiser v. Rodriguez, 411 U.S. 475 (1973). Nor can he seek relief under § 1983 if this Court's adjudication would call into question the validity of his criminal conviction, unless his conviction first has been overturned on appeal or in state or federal collateral proceedings. Heck v. Humphrey, 512 U.S. 477 (1994). Therefore, Plaintiff's challenge to any pending criminal charges arising out of the alleged facts must be dismissed without prejudice for failure to state a claim.

7

IV.   <u>CONCLUSION</u>

    For the reasons set forth above, the Complaint will be dismissed with prejudice for failure to state a claim.  An appropriate order follows.


At Camden, New Jersey          <u>  s/ Noel L. Hillman      </u>
                               NOEL L. HILLMAN
                               United States District Judge

Dated: November 5, 2012

8